IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHIRLEY DIONE WEBSTER,
DWAYNE MARVIN GARRETT, and
PAUL LEROY WICKHAM,

           Plaintiffs,

v.                                                                                              Case No. 21-4057-JWB-GEB

SCOTT PALK,
CHARLES B. GOODWIN,
JACK W. DISHMAN,
BERNARD M. JONES,
JOHN F. HULL,
DAVID L. RUSSELL,
WAYNE E. ALLEY,
ROBIN J. CAUTHRON, and
KENNY BUTMAN,

           Defendants.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the court on Plaintiffs' complaint (Doc. 1), motion to supplement pleadings (Doc. 3), "motion for speedy trial act" (Doc. 14), and "motion for extra data." (Doc. 17). For the reasons set forth herein, Plaintiffs' motions are DENIED, and Plaintiffs are directed to show cause in writing on or before November 15, 2021, why the action should not be dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs' bare-bones complaint alleges that Defendants – most of whom the court notes are United States District Court Judges for the Western District of Oklahoma[1] – "are working in

---

[1] Defendants Palk, Goodwin, Dishman, Jones, Russell, and Cauthron are currently United States District Court Judges for the Western District of Oklahoma. Defendant Alley was formerly a judge in that district. Defendant "Hull" is likely John F. Heil, III, a United States District Court Judge in the Eastern District of Oklahoma. Defendant Butman is not a judge in those districts; his office or occupation is unclear.

concert to destroy and cover up … case number CIV-21-119-SLP of Second Degree Murder….” (Doc. 1 at 2.)  Defendant Butman, whose position is not alleged in the complaint, is allegedly "breaking and entering for Washington County Against my Constitutional Rights" under color of state law.  (*Id.*)  The complaint mentions certain federal criminal statutes (which do not apply in this civil action) and 42 U.S.C. § 1983.  (*Id.*)  Attachments indicate the complaint relates to a number of prior cases brought by Plaintiffs, including one in the District of Kansas (D. Kan., No. 20-1279-KHV) and one in the Eastern District of Oklahoma (E.D. Okla. No. CIV-21-119-PLK). (Docs. 1-1, 1-2.)

Both of the aforementioned cases were dismissed after Plaintiffs failed to satisfy court orders directing them to show cause why their claims should not be dismissed for failure to state a valid claim for relief.  In D. Kan. No. 20-1279-KHV, Plaintiffs' complaint alleged among other things that the Clerk of the United States Supreme Court and a Deputy Clerk were "working out of the color of law … [and] Aiding and Abetting in Case No. 19-CV-00595, bank fraud, stealing 22 million dollars of property and attempted murder."  (D. Kan. No. 20-cv-1279-KHV, Doc. 1 at 1.)  The complaint also alleged that various clerks of various courts were violating the Constitution by using certain forms in violation of due process and "to do bodily harm."  (*Id.* at 2-6.)  The complaint referenced a number of other cases filed by one or more Plaintiffs, including cases in Oklahoma, Texas, and Kansas. On February 3, 2021, Judge Vratil ordered Plaintiffs to show cause why the complaint should not be dismissed for failure to state a claim. (*Id.*, Doc. 17.)  Plaintiffs' response asserted that "All Judges have committed Treason against the Constitution of the United States" and that "The Court, By taking money by false pretenses to operate their Legalized crime Syndicate" and by "using Form 36 and 47" was causing bodily harm and "Protecting Legalized

Criminals such as yourself." (*Id.*, Doc. 18 at 1.) Judge Vratil dismissed the complaint by minute order, finding Plaintiffs' response did not cure the deficiencies in the complaint. (*Id.*, Doc. 19.)

In CIV-21-119-PLK, Plaintiffs filed a complaint alleging "bank fraud" and "stealing property," as well as allegations that the dismissal of the prior complaint by Judge Vratil was a violation of Plaintiffs' constitutional rights. (E.D. Okla. No. CIV-20-119-SLP, Doc. 1 at 1.) On May, 24, 2021, Judge Palk issued an order directing Plaintiffs to show cause why the complaint in that case should not be dismissed for failure to state a claim, noting the complaint failed to offer any details to show wrongdoing or a right to relief. (*Id.*, Doc. 42 at 2.) In response, Plaintiff Wickham asserted that "[t]his is a criminal action that you quoted as a civil action," asserted that Palk was in violation of various criminal statutes including "running a criminal enterprise," and alleged that both Palk and Vratil had committed treason against the United States. (*Id.*, Doc. 43 at 1-2.) Judge Palk considered Plaintiffs' response and dismissed the complaint, finding Plaintiffs had not cured the deficiencies in the complaint. (*Id.*, Doc. 46 at 1.)

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: 1) a short and plain statement of the grounds for the court's jurisdiction; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought. Fed. R. Civ. P. 8(a). The court has inherent authority to dismiss a frivolous complaint *sua sponte* even where, as here, Plaintiffs have paid the required filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *Williams v. Madden*, 9 F. App'x 996, 997 n.1 (10th Cir. 2001).

The allegations Plaintiffs have put forth are frivolous and fail to state any valid claim for relief. As an initial matter, Plaintiff Garrett has failed to allege facts showing any authority to file

this action on behalf of Plaintiff Webster.[2]  As for the other Plaintiffs, the motion to supplement the complaint (Doc. 3) indicates Plaintiffs are claiming the dismissal of their Oklahoma case (CIV-21-119-SLP) somehow violated Wickham's constitutional rights because "there has never been any argument" in that case.  (Doc. 3 at 2.)  But oral argument is not required on motions for summary judgment.  "Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court."  *Geear v. Boulder Comm. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988) (citation omitted.)

The court notes the complaint also fails to allege any facts to support venue in the District of Kansas.  *See* 28 U.S.C. § 1391.  Moreover, it fails to allege any facts under which the Defendant judges would not be entitled to absolute judicial immunity.  *See e.g., Fletcher v. Tymkovich,* 786 F. App'x 826, 828 (10th Cir. 2019) (a judge acting in his or her judicial capacity is immune from suit unless the judge acts clearly without any colorable claim of jurisdiction).  It fails to identify the acts done by each Defendant or explain how those acts resulted in the deprivation of any constitutional right.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citation omitted).

---

[2] Attachments to the complaint indicate Plaintiff Shirley Dione Webster was deceased when the complaint was filed. (Doc. 1-2 at 2).  The complaint purports to have been signed on her behalf by Plaintiff Dwayne Marvin Garrett, with an assertion of "Attorney in Fact" under the signature line.  (Doc. 1 at 2.)  Attachments also indicate Plaintiff Wickham previously notified United States Attorney General Merrick Garland and others about the case in the Western District of Oklahoma (Case No. CIV-21-119) but these individuals "did nothing," which allegedly "resulted in the death of Shirley Dione (Garrett) Webster," making these individuals "guilty of 2nd degree murder."  (Doc. 1-2 at 6.)  Even assuming Garrett has been granted some unspecified authority to act on behalf of Ms. Webster's estate, Garrett is not an attorney admitted to practice law in this court and cannot act as the estate's attorney in this action.  *See Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001) (unpublished) ("Non[ ]attorney pro se litigants cannot represent other pro se parties."); D. Kan. R. 83.5.1 ("Only attorneys enrolled as provided in … this rule or duly admitted pro hac vice may appear or practice in court.")

In addition to the above matters, Plaintiffs have filed a "motion for speedy trial act," which states in part that "[i]f we have to wait for justice, we would like the court to proceed as 1st Degree Murder of Shirley Garrett Webster." (Doc. 14 at 2.) Contrary to Plaintiffs' perception, this is a civil case, not a criminal action. Plaintiffs have no standing to initiate a criminal action in federal court and the Speedy Trial Act has no application here. *See Keyter v. 535 Members of 110th Congress,* 277 F. App'x 825, 827 (10th Cir. 2008) ("Keyter, a private citizen, has no standing to initiate federal criminal prosecutions.") Plaintiffs also filed a "motion for extra data" that alleges that "Butman and Washington County violated my constitutional rights of no probable cause and no warrant." (Doc. 17 at 1.) Like the allegations in the complaint previously discussed, however, this conclusory assertion fails to allege facts supporting a viable claim.

**Conclusion**.

Plaintiffs' motions to supplement pleadings (Doc. 3), for Speedy Trial Act (Doc. 14), and for extra data (Doc. 17) are DENIED.

Plaintiffs are directed to show cause in writing on or before November 15, 2021, why this action should not be dismissed for failure to state a claim upon which relief can be granted. Failure to show good cause within that specified time may result in dismissal of the action without further notice.

IT IS SO ORDERED this 20th day of October, 2021, at Wichita, Ks.


　　　　　　　　　　　　　　　　　s/ John W. Broomes
　　　　　　　　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE