IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHIRLEY DIONE WEBSTER,
DWAYNE MARVIN GARRETT, and
PAUL LEROY WICKHAM,

        Plaintiffs,

v.                                    Case No. 21-4057-JWB

SCOTT PALK,
CHARLES B. GOODWIN,
JACK W. DISHMAN,
BERNARD M. JONES,
JOHN F. HULL,
DAVID L. RUSSELL,
WAYNE E. ALLEY,
ROBIN J. CAUTHRON, and
KENNY BUTMAN,

        Defendants.

**MEMORANDUM AND ORDER**

On October 20, 2021, the court ordered Plaintiffs to show cause by November 15, 2021, why the action should not be dismissed for failure to state a claim upon which relief can be granted. (Doc. 18.) In response, Plaintiff Paul Leroy Wickham filed three documents: (1) an "answer to show cause" (Doc. 19); (2) what appears to be a settlement proposal by Wickham relating to another case (Doc. 20); and (3) an "answer to show cause" that is essentially identical to the first one. (Doc. 21.) None of these documents comes close to setting forth facts that state a plausible claim for relief. For the reasons noted below and in the court's order to show cause, the complaint is accordingly DISMISSED for failure to state a valid claim.

The court first notes that no response to the show cause order was filed by Plaintiffs Webster or Garrett. Because they have failed to show cause, their claims will be dismissed. As for Wickham, his two "answers" (Docs. 19, 21) fail to identify any facts to plausibly support a valid claim. The answers assert without elaboration a "Violation of my Constitutional Rights of Article 1 to have hearings [and] Testimony in cases that are listed in this Document," quote the Fourteenth Amendment, and assert a "violation of the 1st Amendment and the 14th Amendment of the United States Constitution." (*See* Doc. 19 at 1-2.) The court's show cause order explained that a court could satisfy the constitutional right of a litigant to be heard by reviewing briefs and other filed materials, such that the failure to hold a hearing in court, standing alone, does not establish any constitutional violation. (Doc. 18 at 4.) But beyond that, the order noted the complaint fails to allege facts showing that venue is proper in Kansas, that Defendants are not entitled to judicial immunity, or that specific acts done by each Defendant deprived Plaintiffs of any constitutional right. Wickham's answers fail to address any of these deficiencies. Plaintiffs' complaint and responses show that the claims asserted in the complaint are legally frivolous. Under the circumstances, the complaint is appropriately dismissed. *See Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363-64 (2d Cir. 2000) (noting court has inherent authority to dismiss frivolous complaints).

The answers filed by Wickham additionally assert, without explanation, that "[y]ou have a conflict of interest, in this case CIV-21-119-SLP"[1] and cites "28 USC-292(B)." (*See* Doc. 19 at 2.) The statute cited by Wickham allows a chief judge of a circuit to temporarily assign a district judge in that circuit to hold court in any district within the circuit. 28 U.S.C. § 292(b). Assuming this answer was intended as an assertion that the undersigned has a conflict of interest arising from

---

[1] As the show cause order noted, the case referred to (No. 21-cv-0119) was filed by Plaintiffs in the United States District Court for the Eastern District of Oklahoma. A judgment of dismissal was entered in that case on June 8, 2021.

3

the potential of being assigned to hold court in the Eastern District of Oklahoma, where Case No. 21-cv-0119 was decided, the court rejects the allegation as unfounded.  Wickham has not alleged any facts to suggest that any conflict exists, that the undersigned's impartiality might reasonably be questioned, or that the court has a personal bias or prejudice concerning Wickham or any other party.  Insofar as the answers could be construed as a motion for recusal, they are denied.

IT IS THEREFORE ORDERED this 30th day of November, 2021, that the complaint is hereby DISMISSED for failure to state a claim upon which relief can be granted.  The clerk is directed to enter judgment accordingly.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE